*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-245

DECEMBER TERM, 2012

| | | |
|---|---|---|
| Linda Birkenbach and Timothy James | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Tamar Bouchard | } | DOCKET NO. S0448-12 CnC |

Trial Judge: Geoffrey W. Crawford

In the above-entitled cause, the Clerk will enter:

Tenant appeals pro se from a judgment of the superior court, civil division, awarding landlords a writ of possession and back rent, attorney's fees, and costs totaling $7,348.15. We affirm.

The record evidence may be summarized as follows. In April 2012, landlords filed an action for ejectment and back rent, alleging that they had entered into a one-year written lease with tenant in November 2011, that the monthly rent was $1,330, and that tenant was in arrears on her payments. In May 2012, landlords moved for an order requiring tenant to pay rent into an escrow account pending the outcome of the proceeding.

The court held a hearing on the motion on June 1, 2012. Tenant appeared at the hearing, representing herself. On the same day, tenant filed a motion to dismiss and an answer and counterclaim, alleging that landlords had failed to maintain a habitable premises and that she had lawfully withheld rent for certain health and safety violations and was entitled to damages. At the hearing, tenant referred to the allegations in her counterclaim, and the trial court—in response—explained that the purpose of the hearing was to establish a procedure to "hold the rent in a neutral place" pending the outcome of the proceeding, that the court would issue a rent escrow order to accomplish this goal, and that it would also "set up a hearing in which both sides can bring their evidence." When tenant again raised her claims, the court explained that it understood "there's a lot more to the story than we're going to cover today," inquired how much time each party would require to present evidence, and informed the parties that it would direct the court clerk to schedule a hearing "as soon as possible." The parties agreed on an escrow payment date of June 15, 2012, and the court—at the conclusion of the hearing—issued an order directing tenant to pay the current arrears by that date. On the same day, June 1, 2010, the court clerk issued a notice of hearing for June 18, 2012, from 9:30 a.m. to 11:30 a.m.

Landlords appeared with their attorney on the scheduled hearing date, but tenant failed to appear. Counsel for landlords informed the court that she had received a telephone message that morning from tenant indicating that tenant was ready to "move out" if landlords were "willing to call it quits." The trial court directed counsel to call tenant to "find out what's going on." Counsel was unable to reach her, however, and the hearing proceeded in her absence. Landlords presented testimony as to the current arrears and other costs, and the trial court, at the conclusion

of the hearing, issued a judgment order in favor of landlords in the amount of $7,348.15 and granted a writ of possession. This pro se appeal followed.

Tenant asserts several claims. She alleges that she appeared at the superior court on June 15, 2012, to pay the rent into escrow but found that it was closed as a furlough day. She maintains that the "court closure left [her] with no court case: no Counter Claim, no Subpoenas," and that consequently she "had no recourse but to settle with" landlords and move out of the residence. Tenant does not explain, however, nor do we perceive, how the court closure on June 15, 2012, denied her the opportunity to appear at the scheduled hearing on June 18, 2012—the next business day—to address the merits. Tenant does not claim a lack of notice of the merits hearing, and there was no consequence from the failure to pay into court on June 15. Moreover, she could have obtained any necessary subpoenas during the preceding two weeks, or, if necessary, appeared at the hearing to seek a continuance. We thus find no merit to tenant's claim that she was somehow disabled from presenting her defense and counterclaims.

Tenant also faults the court for failing to review the exhibits submitted in support of her counterclaim on June 1, 2012. These were inspection reports from the town health officer and a fire safety inspector. The court carefully explained to tenant at the escrow hearing that the reports would have to be presented at the merits hearing by their authors testifying as witnesses. Tenant never appeared at the merits hearing with the proper witnesses.

Tenant further asserts that she was denied due process by the "extremely short notice" she was afforded for the escrow hearing on June 1, 2012. She does not claim or demonstrate, however, that she was prejudiced in any way by the length of notice. See V.R.C.P. 61 (alleged error will not result in reversal of judgment absent denial of "substantial justice). Moreover, the record shows that tenant appeared at the hearing and fully participated in the proceeding. Accordingly, we discern no due process violation. Tenant also claims that she was not notified of the default judgment, and that her appeal "was seriously delayed by this lack of notification." The record indicates that that the judgment was sent to the parties on the date it was issued, and that tenant filed a timely appeal. Accordingly, we find no error.

Finally, tenant argues that the court erroneously failed to consider that the property was "severely defective." Having failed to appear at the duly-noticed hearing on the merits, however, tenant's claims in this regard were waived. See Bull v. Pinkham Eng'g Assocs., 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal."). Accordingly, we find no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

2